IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20964-CR-SEITZ

UNITED STATES OF AMERICA,

v.

ALBERTO GRAJALES,

      Defendant.

_____/

## ORDER DENYING ALBERTO GRAJALES' MOTION TO APPOINT CJA COUNSEL TO PREPARE MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

THIS MATTER is before the Court on Defendant Alberto Grajales' Motion to Appoint Counsel to Prepare a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). [DE 490]. Defendant moves for appointed counsel to prepare a motion following the recent amendment in sentencing guidelines. The Government replied substantively to the Motion, arguing Defendant does not qualify for a reduction based on the amendment. [DE 491]. Because Defendant has not shown that this is an exceptional case which would justify appointment of counsel, his Motion to Appoint Counsel must be denied.[1]

The Eleventh Circuit has made it clear that prisoners do not have a constitutional right to the appointment of counsel for postconviction proceedings. *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir. 2006) (citing *Murray v. Giarratano*, 492 U.S. 1, 10, 12 (1989)). However, the Court has authority under 28 U.S.C. §

---

[1] While this Order does not constitute a ruling on any motion the Defendant might file to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), should he decide to file one, he is encouraged to look at the arguments and issues raised in the Government's response [DE 490] that address his eligibility for relief.

1

2255 and 18 U.S.C. § 3006(A)(2)(B) to appoint counsel in postconviction proceedings.

Such an appointment requires a finding of exceptional circumstances. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)). Defendant previously filed motions to appoint counsel which were denied. DE 478; DE 479; DE 485; DE 486. The instant motion does not provide any new details or facts which show the exceptional circumstances justifying appointment of counsel, other than a financial affidavit showing Defendant's lack of funds. Indigent status is not enough for appointed counsel. *See Dankert v. Wharton*, 733 F.2d 1537, 1538 (11th Cir. 1984) (holding "the state need not appoint counsel for indigent defendants in post-conviction and collateral proceedings"). Thus, it is

**ORDERED** that Defendant Alberto Grajales' Motion to Appoint Counsel to Prepare a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE 490] is **DENIED.**

DONE and ORDERED in Miami, Florida, this *18th* day of December, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:      All counsel of record
         U.S. Probation Office

2